EXHIBIT A



**CORPORATION SERVICE COMPANY®**

null / ALL
**Transmittal Number: 13253640**
**Date Processed: 12/10/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Patsy Blackburn |
| | Lowe's Companies, Inc. |
| | 1000 Lowe's Blvd |
| | Mooresville, NC 28117 |

| | |
|---|---|
| **Copy of transmittal only provided to:** | Stacey Davidson |
| | Dona Manley |
| | Gaither Keener Jr. |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC |
| | Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers LLC |
| **Title of Action:** | Miguel Barboza vs. Lowe's Management Services, Inc |
| **Document(s) Type:** | Amended Complaint/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC 544239 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/10/2014 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Everardo Vargas Valencia |
| | 818-361-6662 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** Lowe's Management Services, Inc.,; *(AVISO AL DEMANDADO):* Andrew Robinson, an Individual; James Phillips, an Individual; Virginia Anderson, an Individual; Miguel Garcia, an Individual; Matthew Logsdon, an Individual; Parke Houser, an Individual; Robert Norris, an Individual; and Does 1 to 100, Inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* <br><br> CONFORMED COPY <br> ORIGINAL FILED <br> Superior Court of California <br> County Of Los Angeles <br><br> MAY 0 1 2014 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By: Amber Hayes, Deputy |
| **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Miguel Barboza, an Individual | |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> 111 North Hill Street <br> Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* **B C 5 4 4 2 3 9** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EVERARDO VARGAS VALENCIA, ESQ. (131412)    T (818) 361-6662  F (818) 361-8046
Law Offices of Everardo Vargas Valencia, A Professional Corporation
601 South Brand Boulevard, Suite 200
San Fernando, California 91340

| DATE: 04/30/2014 | SHERRI R. CARTER Clerk, by | Amber Hayes | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL] MAY 0 1 2014

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 0 1 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

1   LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
2   Everardo Vargas Valencia, Esq. (SBN 131412)
    Daniel Christian Sharpe, Esq. (SBN 267075)
3   601 Brand Boulevard, Suite 200
    San Fernando, California 91340
4   Telephone:   (818) 361-6662
    Facsimile:   (818) 361-9672
5
    *Attorneys for Plaintiff, Miguel Barboza*

6

7

8

9            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **COUNTY OF LOS ANGELES – NORTH VALLEY DISTRICT**

11

12  Miguel Barboza, an Individual          ) Case No.:   BC544239

13              Plaintiffs,                ) **COMPLAINT**

14       v.                                )

15  LOWE'S MANAGEMENT                      ) 1.  Constructive Discharge Violation
    SERVICES, INC.; ANDREW                 )     Of  Public  Policy
16  ROBINSON, an Individual; JAMES         )
    PHILLIPS, an Individual; VIRGINIA      )
17  ANDERSON, an Individual;  MIGUEL       ) 2.  Failure to Maintain Environment
    GARCIA, an Individual; MATTHEW         )     Free of Harassment (FEHA)
18  LOGSDON, an Individual; PARKE          )
    HOUSER, an Individual; ROBERT          )
19  NORRIS, an Individual; and Does 1 to   ) 3.   Retaliation  (Labor Code § 1102.5)
    100, Inclusive                         )
20                                         )
              Defendants.                  )
21                                         )

22

23

24

25

26

27

28
                              - 1 -                              COMPLAINT

1

2    Plaintiff Miguel Barboza, by and through this Complaint, alleges as follows:

3                                    **PARTIES**

4

5        1.      Defendant Lowe's Management Services, Inc.., is a corporate entity

6    (hereinafter "Lowe's"), which was and is a business, form unknown, authorized to

7

8    do business in the State of California, and maintains a principal place of business at

9    or around 1348 N. Azusa Avenue, Covina, CA  91722.

10

11       2.      On information and belief, individual Defendants Andrew Robinson,

12   James Phillips, Virginia Anderson,  Miguel Garcia, Matthew Logsdon, Parke

13
     Houser, Robert Norris  (hereinafter "Individual Defendants") are employees,
14

15   contractors, agents, and/or representatives of Defendant Lowe's, and were

16   supervisors, managers, or otherwise held a position that gave them actual or

17
     constructive supervisory authority – whether explicitly or implicitly - over Plaintiff
18

19   Miguel Barboza during the relevant time periods set forth in this Complaint. On

20   information and belief, the individual defendants are residents of the County of Los

21

22   Angeles.

23       3.      Plaintiff Miguel Barboza ("Plaintiff"), an individual, was an employee

24
     of Defendant Lowe's Management Services, Inc., with the job title "loss
25

26   prevention manager."

27       4.      Plaintiff is informed and believes and thereon alleges that at all times

28

COMPLAINT

herein mentioned each of the Defendants sued herein as DOES 1 through 100, inclusive, were the agents and/or employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency and employment. Plaintiff is ignorant of the true names of these Defendants, and therefore sues them by such fictitious names, but will amend this Complaint to allege the true names and capacities once they are ascertained.

## GENERAL ALLEGATIONS

5.     At all times herein mentioned, Plaintiff was a citizen and /or permanent resident with legal status to work in the United States.  As such, Plaintiff was granted all rights to work, including privileges permitted by both State and Federal laws to those working lawfully in the United States.  Plaintiff therefore had a legal right to be in this country and to work for compensation in this country under Federal law and/or immigration policies in effect at the time she was employed with Defendants. On information and belief, Defendants were aware of Plaintiff's legal right to work in the United States at all times relevant to the claims herein.

6.     Plaintiff was employed by Defendant Lowe's as a Loss Prevention Manager for the Lowe's store located at 1348 N. Azusa Avenune, Covina, CA 91722, hired for that position in the fall of 2011.

7.     Plaintiff, never had any disciplinary action against him while working

COMPLAINT

for Defendant Lowe's Management Services, Inc.   He was an exemplary employee.

8.     Plaintiff understood that Defendant James Phillips, in his professional capacity as Store Manager of Defendant Lowe's at that store, was required to complete Daily Safety Review Forms ("DSRs") regarding the safety and security of the Lowe's store where Plaintiff worked.

9.     While engaged in his professional duties on behalf of Defendant Lowe's, Plaintiff observed Defendant James Phillips actively falsifying DSRs, which Plaintiff believed in good faith jeopardized the safety and security of customers and fellow employees.

10.     On or about May 3, 2012, Plaintiff reported Defendant James Phillips to Human Resources, acknowledging the same.

11.     On or about May 7, 2012, Defendant James Phillips confronted Plaintiff of the accusations; from that date until the conclusion of Plaintiff's employment, Defendant James Phillips engaged in a campaign of harassment in an attempt to have Plaintiff terminated.

12.     On or about May 7, 2012, Defendant Phillips called Plaintiff into his office and told Plaintiff that two associates went into Defendant Phillips' office, claiming that Plaintiff was going to get them fired.  Defendant Phillips  raised his voice and berated Plaintiff for this alleged conduct, which Plaintiff denied

occurring; Plaintiff explained to Defendant Phillips that his job was not to get anybody fired.

13.    On or about May 14, 2012, Plaintiff communicated to Defendant James Phillips that a previously scheduled "safety meeting" involving all store employees could not go forward because Plaintiff was unable to attend, and requested that Defendant Phillips send an email to staff confirming the meeting was cancelled; Defendant agreed to do so, but Plaintiff later discovered that Defendant Phillips instead went forward with the "safety meeting" in an apparent effort to embarrass Plaintiff and create the false impression that Plaintiff was not competently executing his duties as the Loss Prevention Manager.

14.    On that same day, an associate of the store, Mallorie Bustos, went into Plaintiff's office to report a customer incident.   After Associate Bustos left his office he saw through the surveillance camera that James Phillips made a sign for her to go into his office and started making several signs with his hand and pointing at Plaintiff's office. Plaintiff walked to Associate Bustos and asked her what happened in Defendant Phillip's office.  She stated that Defendant Phillips told her to stay away from Plaintiff's office.

15.    On or about May 18, 2012, as part of his professional duties as Loss Prevention Manager, instructed a fellow employee, "Brendan," to immediately fix certain safety issues in the Seasonal Department. Later that day, Plaintiff

- 5 -                          COMPLAINT

discovered that the safety issues had not been fixed; when Plaintiff spoke with Brendan about it, Brendan stated to Plaintiff that Defendant Phillips instructed him to work on other tasks instead.

16.    On or about May 24, 2012, Plaintiff was confronted by fellow employee Eddie Ozeta, who confirmed that Defendant Phillips had alleged that Plaintiff had Mr. Ozeta's name written down on pieces of paper, that Plaintiff was a "snitch," and that Plaintiff was actively seeking to get Mr. Ozeta fired. Plaintiff explained to Mr. Ozeta that none of those things were true.

17.    Plaintiff complained of Defendant Phillips' conduct to supervisors, including but not necessarily limited to the Associate Human Resources Manager ("AHRM"), "Marco," the HR market director, and his supervisors, in an effort to resolve these issues through the appropriate channels.

18.    On or about May 29, 2012, Plaintiff sent a letter to Jeff Martin, Market Loss Prevention Manager for Defendant Lowe's, in an effort to have management address all of these issues.

19.    Shortly after Plaintiff sent the letter to Mr. Martin, Defendant Phillips confronted Plaintiff in an effort to threaten and intimidate Plaintiff.

20.    On or about June 8, 2012, after various supervisors and managers failed to address the issues raised by Plaintiff, and due to Defendant Phillips continued intimidation, harassment, and sustained efforts to embarrass and

- 6 -                                                                    COMPLAINT

undermine Plaintiff's ability to safely and effectively perform his duties as Loss

Prevention Manager, Plaintiff left his employment with Defendant Lowe's.

## FIRST CAUSE OF ACTION
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
## (AGAINST ALL DEFENDANTS)

21.     Plaintiff realleges all preceding paragraphs as though restated herein, and are incorporated by reference.

22.     Plaintiff reported illegal conduct by the Store Manager, Defendant, James Phillips.  As a result of the aforesaid acts of Defendants, Plaintiff was forced to resign.

23.     Plaintiff has lost and will continue to lose income and benefits, in an amount to be proven at time of trial.  Plaintiff claims such amount as damages with prejudgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for prejudgment interest.

24.     As a result of the aforesaid acts of Defendants, and each of them, Plaintiff has become emotionally upset, distressed and aggravated.  Plaintiff claims general damages, in an amount according to proof, for such emotional distress and aggravation.

25.     Defendants acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken

- 7 -                                                  COMPLAINT

towards Plaintiff were carried out by managerial and supervisory employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

26.     Plaintiff seeks reimbursement and/or payment of attorney's fees according to statute.

## SECOND CAUSE OF ACTION
## FAILURE TO MAINTAIN AN ENVIRONMENT FREE OF HARASSMENT
## (AGAINST ALL DEFENDANTS)

27.     Plaintiff realleges all preceding paragraphs as though restated herein, and are incorporated by reference.

28.     Plaintiff's concern regarding the falsification of DSRs by Defendant Phillips, and his understanding of the need to report such wrongful acts to management due to the serious safety and security concerns that arise from such wrongful acts, was consistently met with harassment from defendants – and Defendant Phillips in particular – which included but was not necessarily limited to threats of termination and comments about job security, belittling and abusive comments for not immediately obeying demands by Defendant Phillips.

29.     This harassment was primarily conveyed by screaming and yelling at Plaintiff in the presence of other employees.

COMPLAINT

30.     Defendants failed to take all reasonable steps – or any reasonable steps – to prevent harassment against plaintiff from occurring as alleged herein, and to take immediate and appropriate corrective action to remedy the harassment by defendants, as set forth elsewhere in this Complaint, such that Plaintiff suffered injuries in the form of emotional distress and an inability to continue performing his job in an effective manner.   Said conduct was executed not only by Defendant Phillips but by other employees, agents, or assigns of Defendant, which was so severe and/or persuasive that it changed the terms and conditions of Plaintiff's employment.

31.     Further, the conditions of Plaintiff's employment, by and through the conduct of employees, supervisors, managers, including Defendant Phillips in particular, were severe enough or sufficiently persuasive that created an environment that was hostile and/or abusive to Plaintiff because of Plaintiff claims that Defendant, James Phillips was falsifying DSRs.   Plaintiff filed and incorporates by reference the Complaint of harassment under the provisions of the California Fair Employment and Housing Act ("FEHA") and Notice of Case Closure, as Exhibit 1.

32.     Defendants failed to take any disciplinary action against Defendant employees – including Defendant Phillips in particular – such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination

- 9 -

COMPLAINT

of harassing, hostile and retaliatory actions taken against Plaintiff.

33.    Plaintiff is informed and believes that Defendants, including Defendant Lowe's Management Services, Inc., have a policy about harassment, but never conducted any harassment training, and has never posted any anti-harassment policies for its supervisors or employees. Any policies which may be in place were not followed in the case of Plaintiff.

34.    Defendant Phillips was and is a store manager and therefore sets management policy with respect to Defendant Lowe's for the store where Plaintiff was employed, and participated in the harassment of Plaintiff, as alleged above. Defendant Phillips humiliated Plaintiff, causing unreasonable interference with Plaintiff's job performance, ultimately forcing Plaintiff to resign.

35.    As a direct, foreseeable and proximate result of Defendants harassing acts, Plaintiff suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to his damages in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

36.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious

disregard of Plaintiff's rights. Defendant, Phillips would yell and degrade Plaintiff in front of other employees with the intent that he would resign.

37.     Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

38.     Plaintiff requests an award of Attorneys' fees, pursuant to California statute including but not necessarily limited to Government Code § 12965(b), which he has incurred and will incur due to the acts of Defendants herein alleged.

### THIRD CAUSE OF ACTION
### RETALIATION – CALIFORNIA LABOR CODE § 1102.5 *et seq.*
### (AGAINST ALL DEFENDANTS)

39.     Plaintiff realleges all preceding paragraphs as though restated herein, and are incorporated by reference.

40.     Defendants and each of them have retaliated against Plaintiff in violation of Labor Code § 1102.5(b) and (c), by engaging in a course of retaliatory conduct including, among other things, the conduct set forth in the general allegations and other causes of action in this Complaint, which continued up through the time of Plaintiff's resignation from his employment.

41.     Plaintiff reasonably believed that the wrongful activities by defendants, as set forth in more detail above, violated state law, state safety regulations, and/or regulations set forth.

42.     Defendants' belief that Plaintiff may disclose such information was

- 11 -                                    COMPLAINT

the driving force and basis for the retaliatory conduct alleged herein, including but not limited to the retaliatory harassment and attempts to embarrass and/or undermine Plaintiff during the course of his professional duties as a Loss Prevention Manager.

43.   As a direct, foreseeable and proximate result of Defendants retaliatory acts, including but not limited to terminating Plaintiff from her employment, Plaintiff suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to her damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

44.   Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, and defendants acted with an improper and evil motive amounting to malice, and in fact injured Plaintiff, causing him to resign. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff.  Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

45.   Plaintiff therefore alleges that Defendant Phillips is personally

- 12 -

COMPLAINT

responsible for liability attributed to Lowe's under the theory that the corporate veil can be pierced under this cause of action.

46.     Defendants and each one of them had a duty to protect and assure that Plaintiff was not subjected to harassment, retaliation, hostility, when he was doing his work by preventing losses for the company.

47.     Plaintiff requests an award of attorneys' fees, Pursuant to statute – including but not limited to Government Code §12965(b) – which he has incurred and will incur due to the acts of defendants herein alleged.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

(1)  For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other special and general damages according to proof on all causes of action.

(2)  For an additional award of punitive damages as allowed under the law;

(3)  For an award of interest, including prejudgment interest, at the legal rate;

(4)  For an award to Plaintiff of costs of suit incurred herein;

(5)  For an award to Plaintiff of Attorneys' fees pursuant to  Government Code § 12900, *et seq.* or any other applicable statute; and

(6)  For an award to Plaintiff of such other and further relief as this Court deems

- 13 -                                        COMPLAINT

1   just and proper.

2

3

Dated: May 1, 2014                          Law Offices of Everardo Vargas Valencia
4                                           A Professional Corporation

5

6

7                                           Everardo Vargas Valencia, Esq.
8                                           Plaintiff, Miguel Barboza

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 14 -                              COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Everardo Vargas Valencia, Esq. (131412)
LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
601 South Brand Blvd, Suite 200
San Fernando, CA 91340
TELEPHONE NO.: (818) 361-6662   FAX NO.: (818) 361-8046
ATTORNEY FOR *(Name):* Plaintiff, Miguel Barboza

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hills Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, California
BRANCH NAME: Stanley Mosk Courth House

CASE NAME:
Barboza v. Lowe's Management Services, Inc., et al.

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 01 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC544239 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

**4.** Number of causes of action *(specify):* 3

**5.** This case [ ] is [✓] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2014

EVERARDO VARGAS VALENCIA, ESQ.
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Barboza v. Lowe's Management Services, Inc., et al. | CASE NUMBER BC544239 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.0
LASC Approved 03-04                        **AND STATEMENT OF LOCATION**                          Page 1 of 4

| SHORT TITLE: Barboza v. Lowe's Management Services, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐  A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐  A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐  A6013   Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐  A6017   Legal Malpractice<br>☐  A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐  A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑  A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐  A6024   Other Employment Complaint Case<br>☐  A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐  A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐  A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐  A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐  A6002   Collections Case-Seller Plaintiff<br>☐  A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐  A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐  A6009   Contractual Fraud<br>☐  A6031   Tortious Interference<br>☐  A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐  A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐  A6018   Mortgage Foreclosure<br>☐  A6032   Quiet Title<br>☐  A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐  A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐  A6022   Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

| SHORT TITLE: Barboza v. Lowe's Management Services, Inc., et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | ☐  A6160  Abstract of Judgment | 2., 6. |
| | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐  A6190  Election Contest | 2. |
| | ☐  A6110  Petition for Change of Name | 2., 7. |
| | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐  A6100  Other Civil Petition | 2., 9. |

Row categories (left margin): Judicial Review; Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Barboza v. Lowe's Management Services, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1348 N. Azuza Avenue |
|---|---|
| CITY:<br>Covina | STATE:<br>CA    ZIP CODE:<br>91722 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Superior___ courthouse in the ___Los Angeles___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __04/30/2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.





STATE OF CALIFORNIA | State and Consumer Services Agency                                      GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 01, 2013

Everardo Vargas Valencia
601 South Brand Blvd. Suite 200
San Fernando, CA 91340

RE: **Notice to Complainant's Attorney**
    DFEH Matter Number: 113771-50233
    Right to Sue: Barboza / Lowe`s Management Services, Inc.

Dear Attorney:

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your client's Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | State and Consumer Services Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 01, 2013

RE: **Notice of Filing of Discrimination Complaint**
    DFEH Matter Number: 113771-50233
    Right to Sue: Barboza / Lowe`s Management Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment
and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the
complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file
a lawsuit. This case is not being investigated by the DFEH and is being closed immmediately. A copy of the
Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | State and Consumer Services Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                            DIRECTOR PHYLLIS W. CHENG

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 01, 2013

Miguel Barboza
1986 Lucas Street, #6
San Fernando, CA 91340

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 113771-50233
    Right to Sue: Barboza / Lowe`s Management Services, Inc.

Dear Miguel Barboza:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 01, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Andrew Robinson Agent for Service for Lowe`s Management Services, Inc.
    James Phillips
    Virginia Anderson
    Miguel Garcia
    Matthew Logsdon
    Parke Houser
    Robert
    Andrew Robinson

    Roger E. Lowe



STATE OF CALIFORNIA l Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
113771-50233

COMPLAINANT
Miguel Barboza

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Lowe`s Management Services, Inc. Andrew Robinson | 1348 N. Azusa Avenue  Covina CA 91722 | |

| AGENT FOR SERVICE | ADDRESS | PHONE |
|---|---|---|
| Roger E. Lowe Lowe`s Management Services, Inc. | 2245 E. Colorado Blvd. Suite 104 PMB 158  Pasadena CA 91107 | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 50 | Jun 08, 2012 | |

| CO-RESPONDENT(S) | ADDRESS |
|---|---|
| James Phillips Lowe`s Management Services, Inc. | 1348 N. Azusa Avenue  Covina  CA 91722 |
| Virginia Anderson Lowe`s Management Services, Inc. | 1348 N. Azusa Ave  Covina  CA 91722 |
| MIguel Garcia Lowe`s Management Services | 1348 N. Asuza Avenue  Covina  CA 91722 |
| Matthew Logsdon Lowe`s Management Services, Inc. | 1348 N. Azusa Avenue  Covina  CA 91722 |
| Parke Houser Lowe`s Management Services, Inc. | 1348 N. Azusa Avenue  Covina  CA 91722 |
| Robert Norris Lowe`s Management Servvices, Inc. | 1348 N. Azusa Avenue  Covina  CA 91722 |
| Andrew Robinson Lowe`s Management Services, Inc. | 1348 N. Azusa Avenue  Covina  CA 91722 |

| Roger E. Lowe Lowe`s Management Services, Inc. | 2245 E. Colorado Blvd. Suite 104 PMB 158  Pasadena  CA 91107 |
|---|---|

DATE FILED May 01, 2013                                              REVISED APRIL 2013



STATE OF CALIFORNIA I Department of Fair Employment and Housing                                                     EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
113771-50233

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Jun 08, 2012 |
| BECAUSE OF MY | Ancestry, Association with a member of a protected class, Color, Disability, Engagement in Protected Activity, Genetic Information or Characteristics, Marital Status, National Origin - including language use restrictions, Race, Religion, Sex- Gender, Sex - Gender identity or Gender expression, Sexual Orientation |
| AS A RESULT, I WAS | Asked impermissible non-job-related questions, Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Denied the right to wear pants, Forced to quit |

STATEMENT OF FACTS

DATE FILED  May 01, 2013
MODIFIED     May 01, 2013

REVISED APRIL 2013
PAGE 2/3

STATE OF CALIFORNIA I Department of Fair Employment and Housing                                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
113771-50233

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Everardo Vargas Valencia, Attorney for Complainant, and dated on May 01, 2013 at San Fernando, CA.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court..

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER